# DECKER *v.* LIGHTFOOT.

PLEADING; BILL OF PARTICULARS; REAL ESTATE AGENTS; WITNESSES.

1. A plaintiff is limited in his claim and restricted in his proof by his particulars of demand. (Following *American Security & Trust Co.* v. *Kaveney,* 39 App. D. C. 223, and *Columbus* v. *Sheehy,* 43 App. D. C. 462.)

2. In an action by a real estate agent against his principal to recover commissions on the sale of real estate, where it appears that the sale was made through another agent, and there is no evidence that such other agent was acting for the plaintiff or that the defendant authorized his employment by the plaintiff, the trial court errs in refusing to direct a verdict for the defendant for the reason that the plaintiff was not the procuring cause of the sale.

3. The statement of a witness that a firm were his agents in a given transaction is the statement of a mere conclusion of law.

No. 2788.   Submitted May 3, 1915.   Decided May 24, 1915.   Rehearing denied October 9, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action by a real estate broker for the recovery of a commission for the sale of real estate belonging to the defendant.
                                        *Reversed.*

Note.—When a real estate broker is considered as the procuring cause of sale is discussed in note in 44 L.R.A. 321.

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff J. Jerome Light-foot, appellee here, in an action for the recovery of a commission for the sale of a piece of real estate belonging to the defendant, George W. Decker.

In his declaration the plaintiff claimed $555 by the common counts, and under his "particulars of demand" he claimed "3 per cent of $18,500 for the sale of premises numbered 604 and 606—Fifth street, Northwest, known as the 'Bassett Building,' —$555."

Plaintiff, a real estate agent, testified that the defendant placed the above premises with him for sale or exchange; that the plaintiff thereafter submitted to defendant's wife a farm in Maryland known as the "Greer property," which Mrs. Decker, accompanied by plaintiff's salesman, thereafter inspected; that Greer and the defendant agreed to exchange their properties provided that Greer procured a customer for defendant's property; "that later Greer advised plaintiff that he, Greer, had procured a customer through Moore & Hill, real estate brokers," for defendant's building; that a few days later defendant, accompanied by his wife, called at plaintiff's office, but did not sign a contract, as defendant wanted to inspect the Greer property; that after defendant had made engagements to that end, which he failed to keep, "plaintiff, being suspicious of defendant's actions, accused defendant and his wife of intercepting the purchaser procured by Moore & Hill on behalf of Greer, whereupon defendant and his wife became highly indignant and left the office of the plaintiff in anger; that witness never saw them again until day of trial. * * * That defendant's property was sold to Frederick Kluckuhn, the party secured by Moore & Hill for Mr. Greer." Plaintiff thereafter wrote defendant, demanding his commission, but his letter availed nothing. In cross-examination plaintiff testified that he never saw Mr. Kluckuhn until the day of the trial, never personally solicited him to buy defendant's property, and never mentioned his name to the defendant. Mr. Greer, testifying for the plaintiff, stated

that when he examined defendant's building he made it known that he would not trade unless he could sell that building; that he thereafter accompanied Mrs. Decker and plaintiff's salesman on a visit to the farm, and that she seemed satisfied with the property; "that because of information given the witness by plaintiff he, Greer, understood that defendant was willing to make the exchange, and that he, Greer, went out to find a buyer for the defendant's property; *that he, Greer, employed Moore & Hill, real estate brokers, to secure a buyer for him,*" and that they subsequently informed him that they had secured such buyer, although the witness did not ask his name. In cross-examination he stated that he never knew the purchaser of defendant's property, and that, "so far as he, Greer, was concerned he was willing to make an exchange of his property for the Decker, defendant's, property, and the negotiations had proceeded to the point where he was willing to make the exchange, but as he wanted cash he let the matter rest until a purchaser could be found for the Decker property." It was conceded that this property was sold to Mr. Kluckuhn for the price named in the declaration; that is, for $18,500.

Mrs. Decker, testifying for the defendant, stated that their property was listed with many brokers, among whom was Moore & Hill, who claimed to have procured Mr. Kluckuhn as a purchaser, and that upon suit being filed by that firm a commission was paid it; that no definite agreement with the plaintiff was ever entered into concerning the exchange of the Decker property for the Greer farm. The witness denied that Mr. Greer ever asked for or was given permission to sell defendant's property. She further stated that neither she "nor Decker ever authorized Mr. Lightfoot to employ any other broker to find a purchaser." It appeared from the testimony of the defendant, on cross-examination, that he did not settle the Moore & Hill case until the latter part of November, 1911, which was some time after the present suit had been filed.

The defendant moved for a directed verdict upon the ground, among others, that the plaintiff had not shown facts from which the jury could find that the plaintiff was the procuring cause

of the sale to Kluckuhn. The court, over the objection and exception of the defendant, denied this motion and submitted the case to the jury.

*Mr. E. A. Jones, Mr. C. W. Owen,* and *Mr. G. C. Shinn* for the appellant.

*Mr. John H. Zabel* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

By the plaintiff's particulars of demand he limited his claim and restricted his proof to the subject-matter therein specified. *Columbus* v. *Sheehy,* 43 App. D. C. 462; *American Security & Trust Co.* v. *Kaveney,* 39 App. D. C. 223. In other words, he limited and restricted his proof to the sale of the Bassett Building. There was no evidence before the jury that Moore & Hill, in negotiating the sale of this property, were acting for the plaintiff, nor that the defendant authorized their employment by plaintiff. The plaintiff himself testified that Greer had procured a purchaser through Moore & Hill, which firm, plaintiff further testified, "were acting for Greer in selling the Decker, defendant's, property for Greer." It is true that the witness later stated that Moore & Hill were his agents, but that statement was a mere conclusion of law, wholly unsupported by his previous statement of the actual facts. Greer's testimony leaves no room for doubt that Moore & Hill were either acting as his agents or as the agents of the defendant, and in no sense as agents of the plaintiff. Inasmuch, therefore, as there was no evidence tending to show that Moore & Hill were acting for the plaintiff, it follows that he was not in any sense the procuring cause of the sale, and that the verdict should have been directed for the defendant.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

A petition by the appellee for a rehearing was denied October 9, 1915.